**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES ALLEN MORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5429** |
| **CHARLES R. FULBRUGE, III, ET AL.** | **SECTION "F" (1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, James Allen Morris, a federal prisoner, filed this *pro se* and *in forma pauperis* civil action against Charles R. Fulbruge, III,[1] Monica Washington,[2] and Anthony J. Bonfanti.[3] In this lawsuit, plaintiff claims that the defendants have violated his constitutional right to access to the courts.

From the allegations in plaintiff's complaint, it is apparent that he has long been dissatisfied with the manner in which defendants performed their duties at the United States Fifth Circuit Court of Appeals. Specifically, he makes the following allegations:

---

[1] Fulbruge is the Clerk of the United States Fifth Circuit Court of Appeals.

[2] Washington is a Deputy Clerk of the United States Fifth Circuit Court of Appeals.

[3] Bonfanti is the former Senior Staff Attorney of the United States Fifth Circuit Court of Appeals.

- On November 19, 2003, defendant Bonfanti issued an order denying a motion to substitute appellate counsel filed by plaintiff on or about October 21, 2003,[4] and failed to forward plaintiff a copy of that order.[5] Plaintiff contends that his appeal was then denied on December 29, 2003, due to his ineffective appellate counsel.[6]

- On or about December 29, 2004, the Clerk's Office of the United States Fifth Circuit Court of Appeals refused to file plaintiff's application for a writ of mandamus which complained that United States District Court for the Northern District of Mississippi was unduly delaying the scheduling of an evidentiary hearing on his § 2255 motion.[7]

- In June of 2005, the Clerk's Office refused to file plaintiff's second application for a writ of mandamus with respect to the § 2255 proceeding.[8]

---

[4]  Rec. Doc. 20, Exhibit 1.

[5]  Counsel to Clerk's Office subsequently acknowledged that the order was not sent to plaintiff. Rec. Doc. 20, Exhibit 2.

[6]  A copy of that appellate opinion can be found at Rec. Doc. 20, Exhibit 3. Contrary to plaintiff's suggestion, there is no indication in that opinion that the Court found appellate counsel's performance to be deficient.

[7]  Rec. Doc. 20, Exhibit 4.

[8]  Deputy Clerk Jamei Richey, on behalf of defendant Fulbruge, returned that application to plaintiff with a letter stating: "The court already has issued its final ruling and will not rule upon the matter further." Rec. Doc. 17, Exhibits, page 8 of 28.

- On or about August 9, 2005, plaintiff filed a third application for a writ of mandamus with respect to the § 2255 proceeding[9] which the Clerk's Office "refused[d] to adjudicate" on July 10, 2006.[10]

- In June of 2007, the Clerk's Office refused plaintiff's request for return of documents he filed in case number 06-60302.[11]

- In June of 2007, plaintiff mailed to the Court of Appeals a motion for preliminary injunction.[12] The Clerk's Office refused to file that motion or provide plaintiff with information regarding its status.

- In June of 2007, plaintiff filed a fourth application for a writ of mandamus with respect to the § 2255 proceeding which the Clerk's Office "refuse[d] to adjudicate."[13] Plaintiff filed a request for reconsideration[14] and, as of the time this lawsuit was filed, had not received a response from a Circuit Judge.[15]

---

[9] Rec. Doc. 20, Exhibit 10.

[10] Rec. Doc. 17, Exhibits, page 16 of 28; Rec. Doc. 20, Exhibit 12.

[11] Rec. Doc. 17, Exhibits, page 18 of 28.

[12] Rec. Doc. 20, Exhibit 16.

[13] Rec. Doc. 17, Exhibits, page 20 of 28; Rec. Doc. 20, Exhibit 17.

[14] Rec. Doc. 17, Exhibits, pages 21-22.

[15] As explained later in this opinion, Chief Judge Edith H. Jones responded to the request for reconsideration after this lawsuit was filed.

I.  Screening

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

4

baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[16] the Court finds that plaintiff's claims, when considered in light of the underlying judicial records relating to those claims, should be dismissed as frivolous.[17]

### A.  Prescribed Claims

"In an action under section 1915, a district court may raise the defense of limitations sua sponte." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Francis v. United States, Civil Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007). For the following reasons, the Court finds that several of plaintiff's claims are prescribed.

Because plaintiff is suing defendants regarding actions they took as employees of the United States Fifth Circuit Court of Appeals, he is, at best, attempting to assert claims founded on Bivens

---

[16]  The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[17]  The Court was originally unable to conduct the screening based solely on the allegations in the complaint. However, since the complaint was filed, the parties have submitted to the Court copies of the judicial records on which plaintiff's claims are based. The parties contend that the Court may properly consider those records, and the Court agrees. Judicial records are public records of which the Court may take judicial notice. See, e.g., Gray *ex rel.* Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 407 n.7 (5th Cir. 2004). A complaint may be dismissed as frivolous when the allegations of the complaint conflict with facts of which the district court may take judicial notice. Taylor v. Gibson, 529 F.2d 709, 717 (5th Cir. 1976). Based on the judicial records provided by the parties, it is now apparent that plaintiff's underlying claims are frivolous.

v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See Thornton v. Office of the Clerk, No. 92-6618, 1993 WL 341073 (4th Cir. Sept. 8, 1993); Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989); Koskella v. Zimmer, Civil Action No. 07-533, 2007 WL 4302923, at *2 (D. Utah Dec. 6, 2007); see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  To determine the applicable limitations period in a Bivens action, a federal court looks to the forum state's statute of limitations for general personal injuries.  In Louisiana, that limitations period is one year.  Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982); La. Civ. Code Ann. art. 3492.

Under the federal "mailbox rule," an inmate's *pro se* complaint is considered to have been "filed" when he presented it to prison officials for mailing.  See Cooper v. Brookshire, 70 F.3d 377, 379-80 (5th Cir. 1995).  This Court will consider plaintiff's complaint to have been filed on the date the complaint's certificate of service was signed, August 3, 2007, because that is the earliest date the complaint could have been given to prison officials.  Nevertheless, even with the benefit of that "mailbox rule," it is apparent the complaint was filed more than one year after the accrual of the claims regarding the following incidents: the denial of the motion to substitute counsel by defendant Bonfanti in 2003; the alleged refusal to file the first application for a writ of mandamus in 2004;[18]

---

[18] In any event, the Court notes that the record does not support's plaintiff's allegations with respect to that claim.  The record reflects that the first application for a writ of mandamus was docketed and assigned case number 04-61175.  Rec. Doc. 20, Exhibit 4.  On March 11, 2005, Deputy Clerk Todd W. Smith, on behalf of defendant Fulbruge, notified plaintiff: "We will not rule on your petition for mandamus because the district court is following proper procedures in considering your case and will rule on it in due course."  Rec. Doc. 20, Exhibit 7.  In light of the foregoing, and contrary to plaintiff's factual allegations, it is clear that the Court of Appeals did in fact file, docket, and process the first application for a writ of mandamus.

the alleged refusal to file the second application for a writ of mandamus in 2005; and the alleged refusal to adjudicate the third application for a writ of mandamus on July 10, 2006.[19] Therefore, those claims are clearly prescribed and should be dismissed as frivolous on that basis.

Further, for the following reasons, the Court also finds that plaintiff's remaining claims are also frivolous.

### B.  Remaining Claims

#### 1.  Claim Regarding the Return of Documents

The record reflects that on or about June 5, 2007, plaintiff requested return of documents he filed in case number 06-60302.[20]  On June 12, 2007, Tom Rodwig of the Court of Appeals sent plaintiff the following response: "If you wish to receive your exhibits you must submit a self addressed stamped envelope with $8.25 postage attached."[21]  Accordingly, plaintiff's claim that the

---

[19] Out of an abundance of caution, the Court notes that claim is also frivolous even if considered on the merits. The record reflects that on August 9, 2005, plaintiff filed with the United States Fifth Circuit Court of Appeals a third application for a writ of mandamus. Rec. Doc. 20, Exhibit 10. That filing was docketed and assigned case number 05-60771. Rec. Doc. 17, Exhibits, page 9 of 28. On July 10, 2006, defendant Washington, on behalf of defendant Fulbruge, notified plaintiff: "We will not rule on your petition for writ of mandamus or your motion for leave to proceed in forma pauperis. The district court's ruling on February 6, 2006 resolved your petition." Rec. Doc. 17, Exhibits, page 16 of 28; Rec. Doc. 20, Exhibit 12. In light of the foregoing, it is clear that the Court of Appeals did not "refuse to adjudicate" the application as plaintiff contends. The application was in fact adjudicated and essentially denied. Accordingly, plaintiff's claim therefore fails as a matter of fact.

[20] That case related to plaintiff's request for a certificate of appealability regarding the district court's partial dismissal of his § 2255 claims. That request was denied on the grounds that the district court had not issued a final order on the § 2255 motion and, therefore, the Court of Appeals lacked jurisdiction. Rec. Doc. 17, Exhibits, pages 24-25 of 28; Rec. Doc. 20, Exhibit 14.

[21] Rec. Doc. 17, Exhibits, page 18 of 28.

7

Clerk's Office refused to return the documents is simply untrue.  Moreover, the Court was under *no* obligation to return plaintiff's documents, either at no charge or at his expense, once they were filed into the court record.  Therefore, the Clerk's Office certainly cannot be said to have violated plaintiff's rights when it offered to do more than it was legally required to do in the first place.

### 2.  Claims regarding the Preliminary Injunction/Fourth Application for a Writ of Mandamus/Reconsideration Request

On June 14, 2007, plaintiff filed with the United States Fifth Circuit Court of Appeals an application for a preliminary injunction.[22]  The Court of Appeals docketed that filing as a fourth application for a writ of mandamus and designated it as case number 07-60459.[23]  On July 12, 2007, defendant Washington, on behalf of defendant Fulbruge, notified plaintiff:  "We will not rule on your petition for mandamus because the district court is following proper procedures in considering your case and will rule on it in due course."[24]  Plaintiff complained, asking for reconsideration,[25] and, on September 2, 2007, Chief Judge Edith H. Jones responded as follows:

> James Morris, a federal prisoner, has filed two complaints against Charles R. Fulbruge, III, Clerk of Court, regarding Clerk's Office Procedure.
> In the first complaint, Morris asserts that the Clerk's Office failed to file a motion for preliminary injunction he submitted in June 2007, and has not responded to his inquiry about the status of the motion.  However, a review of Morris's appellate filings shows that the Clerk's Office construed the motion for a preliminary

---

[22]   Rec. Doc. 20, Exhibit 16.

[23]   Rec. Doc. 17, Exhibits, page 19 of 28.

[24]   Rec. Doc. 17, Exhibits, page 20 of 28; Rec. Doc. 20, Exhibit 17.

[25]   Rec. Doc. 17, Exhibits, page 21-22 of 28.

8

injunction as a petition for a writ of mandamus and allocated it a separate case number [5th Cir. Case No. 07-60459].

In the second complaint, Morris objects that he was denied due process when the Clerk's Office administratively terminated that petition for a writ of mandamus. A review of the record shows that the matter was terminated upon advice of the Staff Attorney's Office, which determined that the district court was following proper procedure and would rule on Morris's habeas petition in due course.

In both of these instances, the Clerk's Office was following standard procedures.

The complaint is DISMISSED.[26]

In light of the foregoing, it is clear that plaintiff's allegation that the Clerk's Office refused to file his motion for a preliminary injunction is false. Likewise, plaintiff's claim that his motion went unadjudicated is similarly false; the motion was, in effect, denied. Further, to the extent that plaintiff is claiming that his rights were violated because the matter was adjudicated by the Clerk's Office rather than by a Circuit Judge, he still has no cognizable claim for at least two reasons. First, he was ultimately afforded review by the Chief Judge of the Court of Appeals, albeit after this lawsuit was filed. Second, in any event, Chief Judge Jones held that the Clerk's Office acted in accordance with the Court's standard procedures in adjudicating plaintiff's claims. While that conclusion is not self-evident from the applicable rules,[27] it is not appropriate for this subordinate court to second-guess the Court of Appeals' interpretation of its own rules or direct the actions of its judges or officers. See *In re* Marin, 956 F.2d 339 (D.C. Cir. 1992); see also Panko v. Rodack,

---

[26] Rec. Doc. 17, Exhibits, page 26 of 28.

[27] Fifth Circuit Rule 27.1.16 grants the Clerk the authority to act of a motion *to extend the length limits* for a petition for mandamus; however, this Court has not located any court rule which expressly gives the Clerk the authority to adjudicate the merits or to otherwise dispose of a petition for mandamus. The Court notes that, on the contrary, Fed. R. App. P. 21(a)(3) provides that "[u]pon receiving the prescribed docket fee, the clerk must docket the petition [for mandamus or prohibition] and *submit it to the court*." (Emphasis added.)

9

606 F.2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order judges or officers of a higher court to take action.").

For all of the foregoing reasons, the Court finds that plaintiff's timely-filed claims are frivolous and should be dismissed as such.

## II.  Motion to Dismiss

Defendants Fulbruge and Washington have filed a motion to dismiss.[28]  However, having found that all of plaintiff's claims are frivolous, the Court need not address defendants' alternative grounds for dismissal asserted in their motion to dismiss.  Rather, the undersigned recommends that the motion to dismiss be denied as moot.

## III.  Default

In this case, plaintiff filed motions for the entry of a default and a default judgment.[29]  Those motions should be denied.

As to the motion for the entry of a default, the Court finds that plaintiff's motion was premature and he was not entitled to a default.  Federal law provides that a defendant is initially under no obligation to reply to an action filed by a prisoner. 42 U.S.C. § 1997e(g)(1).  That said, a federal court may nevertheless require a defendant to file such a reply. 42 U.S.C. § 1997e(g)(1). On December 5, 2007, this Court in fact issued such an order with respect to Fulbruge and Washington; however, the Court set no specific deadline for the filing of their replies.  Accordingly,

---

[28] Rec. Doc. 20.

[29] Rec. Docs. 16 and 17.  Presumably, plaintiff seeks this relief against only Fulbruge and Washington, in that Bonfanti was never served.  See Rec. Docs. 5 and 11.

10

when plaintiff filed his motion for the entry of a default in February of 2008, Fulbruge and Washington were not in fact technically in default.

The motion for the entry of a default judgment, which was filed simultaneously with the prior motion, likewise fails. First, the motion was premature because a default had not yet been entered pursuant to Fed.R.Civ.P. 55(a). Griffin v. Foti, Civ. Action No. 03-1274, 2003 WL 22836493, at *1 (E.D. La. Nov. 24, 2003); Great Atlantic and Pacific Tea Co. v. Heath, Civ. Action No. 95-509, 1995 WL 258317, at *1 (E.D. La. Apr. 27, 1995). Second, in any event, the entry of a default judgment is matter of discretion, and "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quotation marks, brackets, and citations omitted); Griffin, 2003 WL 22836493, at *1. This not such a situation for two reasons. First, as previously noted, plaintiff's underlying claims are frivolous. Second, Fulbruge and Washington filed a timely motion to dismiss and clearly intended to vigorously defend themselves against plaintiff's allegations.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

It is **FURTHER RECOMMENDED** that defendants' motion to dismiss, Rec. Doc. 20, be **DENIED AS MOOT**.

It is **FURTHER RECOMMENDED** that plaintiff's motions for the entry of a default and a default judgment, Rec. Docs. 16 and 17, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of May, 2008.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**